Henry WINSTON

v.

## INTERNATIONAL HARVESTER CO.

Civ. A. No. 83–3437.

United States District Court,
E.D. Louisiana.

Feb. 8, 1985.

Michael Guidry, Omar Bradley Law Office, New Orleans, La., for plaintiff.

C.G. Norwood, Jr., Michael Noonan, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, La., for defendant.

## REASONS FOR JUDGMENT

DUPLANTIER, District Judge.

In this products liability Louisiana diversity suit, Henry Winston claims damages for bodily injuries suffered when he fell off a tractor which he was driving; defendant manufactured the tractor.

Plaintiff was driving the tractor on a dirt road on a sugar cane plantation at the end of a work day when he carelessly and inattentively allowed the tractor to veer off the road and into a cane field. As the tractor crossed the alternating elevated rows and trenches of the field, the tractor's bouncing caused plaintiff to fall off the tractor, resulting in severe injuries. At the time of the accident, the tractor was in essentially the same condition as when it was manufactured and sold by defendant. The tractor was an open type; the driver's seat was not enclosed. There was no seat belt or other protective device to prevent a driver from being thrown or falling from the tractor.

The jury found defendant's tractor defective under Louisiana law. The jury also concluded that plaintiff was ninety-seven percent contributorily negligent. The jury awarded $300,000 to plaintiff as his total damages. If plaintiff's negligence operates to reduce his award proportionately, he is entitled to judgment for $9,000; otherwise, for $300,000.

In answering a certified question from the U.S. Fifth Circuit Court of Appeals, the Louisiana Supreme Court recently decided that contributory negligence was not a complete bar to recovery in a products liability action under Louisiana law. Contributory negligence, assumption of the risk,

and misuse of a product (all combined as comparative fault) should be applied under some circumstances to reduce a plaintiff's recovery. In other situations, including the case under consideration by the Louisiana Supreme Court, plaintiff's activity would be of no consequence and would not reduce recovery. *Bell v. Jet Wheel Blast*, 462 So.2d 166 (La.1985), rehearing denied.

During the trial, the court was in doubt about the effect of the Louisiana Supreme Court decision in *Jet Wheel* upon plaintiff's claim specifically, whether the issue of plaintiff's comparative negligence should be submitted to the jury. During conferences with counsel off the record, the issue was discussed. On the second day of trial the court stated to counsel its intention not to submit the issue. Defendant's counsel urged that comparative negligence was a "defense" and that in any event the issue should be submitted to avoid a second trial. The court finally agreed with this position. Counsel were told that if the court ultimately decided that plaintiff's negligence would not operate to reduce his recovery, judgment would be entered for the full amount of his damages.

The court invited and received post-verdict memoranda on this issue. After reviewing the memoranda and the cases cited therein, for the following reasons we conclude that plaintiff's fault should not operate to reduce his recovery. Therefore, we enter judgment in favor of plaintiff in the amount of the jury's award of $300,000.00, with interest from date of judicial demand.

The facts in *Bell v. Jet Wheel Blast* also involved a work-related injury, though in an industrial and not an agricultural setting. Bell's injury occurred when his hand got caught in the chain and sprocket drive of the conveyor system of a machine manufactured by Jet Wheel. The opinion in *Jet Wheel* indicates that there may be situations in which plaintiff's fault would reduce his recovery, as comparative negligence typically does. This portion of the opinion is *dictum*, since the court did not reduce Bell's recovery because of his own negligence.

It would serve no useful purpose to speculate as to what the future holds with respect to this issue in Louisiana, especially since only three of the seven justices concurred completely in the opinion (there were two dissents, a "concurs and will assign reasons, and a "subscribes to the opinion and concurs in part"). What is clear is that there is only one case in which the Louisiana Supreme Court has spoken on this issue, and in that case plaintiff recovered his full damages notwithstanding his own negligence. What is equally clear is that the circumstances of the instant case and those in *Jet Wheel*, *vis a vis* plaintiff fault, are sufficiently similar as to compel the same result.

The Louisiana Supreme Court emphasized that the plaintiff in *Jet Wheel* was performing a repetitive industrial operation, that his negligence amounted to nothing more than inattentiveness, and that the injury occurred directly because of the machine's defect. We note that driving a farm tractor for an entire work day can also cause boredom and inattentiveness at the end of the day, that our tractor driver's negligence consisted of inattentiveness and thereafter the wrong response to the emergency created thereby, and that the injury occurred directly because of the defect in the tractor, the absence of a body restraint.

The safety features not installed on the *Jet Wheel* machine and plaintiff's tractor are both intended to protect a user against his own carelessness and the negligence of others. If the machine guard had been in place, the plaintiff in *Jet Wheel* would not have been injured. If plaintiff had been wearing a seat belt, or if other operator protection had been provided, plaintiff would not have been thrown from the tractor and injured.

Defendant cites a number of cases applying comparative negligence to reduce recovery in strict products liability actions in other states. These cases may be persuasive, but they are inapplicable in Louisiana.